IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| | * | |
| vs. | * | CRIMINAL NO. 09-00240-KD |
| | * | |
| **JUAN CARLO ALOMA** | * | |

### ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S. C. § 3142(f), a detention hearing was conducted on November 13, 2009. Based upon the evidence presented, the undersigned concludes that Defendant is to be detained pending trial.

**I.   Underlying Charges**

Defendant Juan Carlo Aloma, along with Defendants Jose Noriega, Yzumy Rodriguez, Omar David Huezo, Juan Ramon Sabina, Alcides Sabina, and Madelyn Aloma, have been charged in a three count indictment returned by the Grand Jury on October 29, 2009. The indictment charges that beginning on or about January 1, 2009, and continuing until the return of the indictment, Defendants conspired to unlawfully distribute and possess with intent to distribute marijuana in violation of Title 21 U.S.C. § 846. Additionally, it is alleged that Defendants, on October 9, 2009, unlawfully possessed with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1)[1].

---

[1]The indictment also includes a forfeiture count.

At the detention hearing, the Government presented evidence that an anonymous telephone tip culminated in the search of four residences in North Mobile County on October 9, 2009.  The first residence searched was 6562 Jib Road West, in Eight Mile, Alabama.  The search of this residence yielded more than 100 marijuana plants, an elaborate electrical system, an extensive high tech lighting system and a firearm.  8500 Chutney Drive in Eight Mile, Alabama was the second residence which was searched.  The search of a barn located at this address yielded more than 240 marijuana plants, an elaborate electrical system an extensive high tech lighting system and a firearm.  The third residence which was searched was 5540 Kushla McLeod Road.  This search yielded more than 150 marijuana plants, an elaborate electrical system, and an extensive high tech lighting system. No marijuana nor plants were located during the search of the fourth residence.  The investigation following these searches lead to the instant indictment.

**II.  Analysis**

Pretrial detention of a criminal defendant is appropriate when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).  In drug cases, when the defendant faces a maximum of over ten years of imprisonment, such as the instant case, the Bail Reform Act

establishes a rebuttable presumption that the defendant is both a flight risk and a threat to the community[2]. See Id.  "This presumption imposes on a defendant the burden of production to come forward with evidence suggesting that [he] is neither a danger to the community nor a risk of flight." United States v. Allen, 891 F. Supp. 594, 597 (S.D. Fla. 1995).  If the defendant fails to rebut either part of the statutory presumption (i.e., the risk of flight or danger to the community), pretrial detention is warranted. See  United States v. King, 849 F.2d 485, 488 (11th Cir. 1988).  On the other hand, if the defendant rebuts both prongs of the presumption, the burden shifts to the government to establish that the defendant is either a flight risk or a danger to the community.[3]

---

[2] The presumption arises upon probable cause that the defendant has committed a drug offense carrying a maximum penalty of over ten years imprisonment. See 18 U.S.C. § 3142(e).  In the Eleventh Circuit, probable cause for § 3142(e) purposes is established by the return of an indictment against a defendant, charging him with an offense punishable by more than ten years imprisonment.  See United States v. King, 849 F. 2d 485, 487- 88 (11th Cir. 1988). In this case, Count one of the Indictment charges conspiracy with intent to distribute marijuana, under 21 U.S.C. § 846 and carries a penalty of 5 to 40 years.  Count two of the indictment charges possession with intent to distribute marijuana, under 21 U.S.C. § 841(a)(1) and carries a penalty of twenty years. Thus, probable cause for triggering §3142(e)'s presumption has been established.

[3] The United States is charged with different burdens of proof on the issues of risk of flight and danger tot he community.  The United States need only prove risk of flight by a preponderance of evidence, while it must prove that a defendant presents a danger to the community by clear and convincing evidence. See United States v. Quartermaine, 913 F. 2d 910, 915-17 (11th Cir. 1990).

In weighing the evidence as to risk of flight and dangerousness, the Court must consider the factors listed in 18 U.S.C. § 3142(g).

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence...;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, drug or alcohol abuse, criminal history and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial sentencing, appeal, or completing of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Id.

**A. Flight Risk**

Based on the evidence presented at the detention hearing, the undersigned finds that Defendant has not presented evidence to

rebut the presumption that he poses a serious risk of flight and a danger to the community.  The evidence reflects that Defendant Juan Carlos Aloma has minimal contacts with this community.  He had been living at the 5540 Kushla McLeod Road residence of his sister and her family for less than two months before the search which yielded over 150 marijuana plants, sophisticated electrical system, and elaborate lighting system[4].  Defendant Juan Aloma was present at the residence at the time of the search, which uncovered vast marijuana plants in unlocked rooms.

Defendant was born in Cuba, and reported that his wife currently resides in Merida, Mexico.  Defendant also reported that both of his parents still reside in Cuba, and that he has a sibling residing in Cuba.  Defendant further represented that he arrived in the United States in August 2008, and that since that time, he has resided in Miami, Florida, Raley, Colorado, and Hialeah, Florida.  Defendant also reported that he has been unemployed for approximately eight months.  The fact that Defendant has relatives residing in Hialeah, Florida and that he does not have criminal record is not enough, standing alone, to rebut the presumption that he is a flight risk.  See United States v. Rivera, 90 F. Supp. 2d 1338, 1343 (S. D. Fla. 2000).  In addition, the Government presented facts that support a finding of a flight risk even if the presumption had been rebutted.  Specifically, the evidence against

---

[4] Defendant's sister, Madelyn Aloma, and her husband, Accedes Sabina, are co-defendants in this action.

Defendant Juan Carlo Aloma appears strong in that he was residing in a home where vast marijuana plants were being maintained, he faces a lengthy term of imprisonment if convicted, his residence history is unstable, and he has significant ties outside of this country.  Accordingly, the undersigned finds that Defendant has failed to rebut the presumption that he is a flight risk, and that the Government has presented evidence, independent of the presumption, sufficient to satisfy its burden of proof as to the flight risk.

### B.  Danger to the Community

With respect to the issue of dangerousness, the record is absolutely devoid of evidence countering the statutory presumption, aside from Defendant's lack of a prior criminal record.  The lack of a prior criminal record, standing alone, is not sufficient to rebut the statutory presumption.  See United States v. Rivera, 90 F. Supp. 2d at 1343.  Moreover, the Government has presented evidence that Defendant was residing in a home where vast marijuana plants were being maintained. Accordingly, the undersigned finds that even in the absence of the statutory presumption, there is evidence supporting the Government's position that Defendant represents a danger to the community, and that there are no conditions that would reasonably assure the safety of the community. Thus, Defendant is to be detained.

**III. Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done this **16th** day of **November, 2009.**

                                                            **/s/ Sonja F. Bivins**
                                            **UNITED STATES MAGISTRATE JUDGE**